UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Maria Magdalena Tacuri Yopangue

       v.                                    Civil No. 1:26-cv-394-SE-AJ

Strafford County
Department of Corrections,
Superintendent, et al.


### O R D E R

Maria Magdalena Tacuri Yopangue filed a petition for a writ of habeas corpus on May 18, 2026, contesting her detention and requesting, inter alia, release from custody. Doc. no. 1. The court thereafter ordered the respondents to show cause on or before May 26, 2026, as to why it should not issue an order granting the petition to the extent of ordering them to afford the petitioner with a bond hearing based on her similarity to the petitioner granted a bond hearing as required by the Due Process Clause of the Fifth Amendment in Destino v. FCI Berlin, No. 1:25-cv-374-SE-AJ, 2025 WL 4010424 (D.N.H. Dec. 24, 2025). Doc. no. 3.

The respondents filed their response to the petition on May 26, 2026, wherein they maintain that Destino was wrongly decided and object to the court granting relief to the petitioner. Doc. no. 6. Nonetheless, they acknowledge that the court would reach the same result in this case as it reached in Destino if it were to apply the same reasoning as set forth in that case.

The respondents have failed to show cause why the court should not order them to afford a bond hearing before an immigration judge (IJ) at which the respondents will bear the burden of proving either that the petitioner is a flight risk by a preponderance of the evidence or that she is dangerous by clear and convincing evidence. See Hernandez-Lara v. Lyons, 10 F.4th 19, 41 (1st

Cir. 2021). Because the reasoning in <u>Destino</u> applies in this case, the petition is granted, in part. The respondents are ordered to provide the petitioner with a bond hearing before an IJ as soon as practicable at which the respondents will bear the burden of proving either that the petitioner is a flight risk by a preponderance of the evidence or that she is dangerous by clear and convincing evidence. If the respondents fail to provide a bond hearing, the court will set appropriate terms and conditions of the petitioner's release during the pendency of her removal proceedings. Because the petitioner is not subject to a final order of removal and given the respondents' representation that the petitioner's release pursuant to an order of supervision was erroneous, the court does not address the petitioner's claim for alleged violations of 8 U.S.C. § 1231 and its implementing regulations. Further, the petitioner's request that this court order her release is denied without prejudice, as the court finds that ordering a bond hearing before an IJ as soon as practicable is sufficient to protect the petitioner's due process rights at this stage.  The respondents shall file a status report within seven days, on or before June 11, 2026.

       SO ORDERED.


                                       Samantha D. Elliott
                                       United States District Judge

June 4, 2026

cc:     Counsel of record.